**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**POINT-O-WOODS, LLC** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 2:22-CV-00054-KS-MTP**

**STATE FARM FIRE AND CASUALTY COMPANY** **DEFENDANT**

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO MOTION TO COMPEL APPRAISAL [Doc. 14]**

**COMES NOW**, the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY** (hereinafter "State Farm") by and through its counsel of record and files this its Memorandum in Support of its Response in Opposition to Plaintiff's Motion to Compel Appraisal [Doc. 14] and would show unto the Court as follows:

## INTRODUCTION

The Court should deny Plaintiff's motion to compel appraisal. The dispute is not over the value of the loss, rather it involves the scope of claimed damages. As such, appraisal is not appropriate at this time.

## BACKGROUND

In the Complaint, Plaintiff alleges that in October 2020, the subject property, which consists of eleven structures located at 520 N. 38th Avenue in Hattiesburg, Mississippi, was damaged during Hurricane Zeta. *See* Complaint [Doc. 1]. Plaintiff further alleged that while State Farm has paid Plaintiff some benefits for the loss, State Farm has refused to submit the claim to appraisal. *Id.* Plaintiff further alleges that there are no coverage issues, but simply a dispute over the amount of loss. *Id.*

In its Answer, State Farm admitted that there was a compensable claim and that compensation has been paid. *See* Answer [Doc. 3]. However, State Farm denied that there are uncompensated claims and that there are no coverage issues. *Id.*

State Farm inspected the loss three times and retained Rimkus engineers for a fourth inspection. Rimkus performed an inspection which did not call for replacement of the roofs for each building, while Plaintiff's appraiser, Pressor & Associates, reported that the loss warranted full replacement. *See* Excerpts from Plaintiff's Storm Damage Inspection Report attached hereto as Exhibit "A" and Excerpts from Rimkus Report attached hereto as Exhibit "B." The Rimkus report specifically concluded that "exacerbating the noted [storm] damage to the shingles were defects in installation, further exacerbated by their aged and weathered condition." This preexisting damage was visible to the naked eye. [1] Rimkus further determined that there was deferred maintenance of the complex, and "[t]his deferred maintenance was attributable to most of the damage that Pressor & Associates had attributed to Hurricane Zeta." Per the State Farm policy in effect at the time of Hurricane Zeta, other types of loss including "[w]ear and tear" and "[r]ust or other corrosion, decay, deterioration" are excluded from coverage. *See* Excerpts from Certified Policy attached hereto as Exhibit "D." The two estimates differ by more than $1,700,000. The dispute is about the cause and extent of the loss, not the valuation of an agreed upon scope of damage. Plaintiff has demanded

[1] As one of many examples, please the sheet with two photographs attached hereto as exhibit "C."

an appraisal; State Farm has refused to submit to appraisal as it is inappropriate in the context of scope and causation issues. *See* Answer [Doc. 3].

## ARGUMENT AND CITATION OF AUTHORITY

It is well settled in this Court's jurisprudence that "Mississippi law favors amicable settlements of controversies without court involvement." Landmark American Ins. Co. v. Bradford-O'Keefe Funeral Home, No. 1:08CV79-HSO-JMR, 2009 WL 2923251, at *2 (S.D. Miss. Sept. 11, 2009) (citing Mitchell v. Aetna Cas. & Sur. Co., 579 F.2d 342, 350 (5th Cir. 1978)). In addition, it "is clear that [sic] under Mississippi law that the purpose of an appraisal is *not to determine the cause of loss or coverage under the insurance policy*; rather, it is 'limited to the function of determining the money value of the property' at issue." Jefferson Davis County School Dist. v. RSUI Indem., No. 2:08-cv-190-KS-MTP, 2009 WL 367688, at *2 (S.D. Miss. Feb. 11, 2009) (quoting Munn v. Nat'l Fire Ins. Co., 115 So. 2d 54, 55 (Miss. 1959)) (emphasis added).

Where the dispute was merely about the method of valuation, this Court has ordered the submission to appraisal as required under the applicable insurance policy. Edwards v. Guideone Mut. Ins. Co., No. 4:09cv35-HTW-LRA, 2010 WL 1416473, at *1 (S.D. Miss. Apr. 7, 2010). In Edwards, Plaintiffs argued that the Defendant insurer's valuation of their property was improper because Defendant assessed loss as actual cash value rather than replacement cost. Id. Under the applicable appraisal clause, in the event the parties disagreed over the valuation of items, both parties agreed to submit to appraisal. Id. at *3. As this was a dispute

over valuation, the court determined that appraisal was proper and ordered Plaintiffs to submit to appraisal as required by the policy. Id. at *4.

However, where the dispute is about the cause of damage, this Court has held that appraisal is inappropriate. Smith v. State Farm Fire and Casualty Co., No. 1:13-CV-572-KS-MTP, 2014 WL 115114958, at *1 (S.D. Miss. June, 4, 2014). In Smith, the Court found:

> According the Defendant's Answer, Defendant disagrees with Plaintiff *as to the extent of the damage caused by the subject fire*. …Therefore, this case involves factual disputes as to the cause of loss, which *necessarily lead to legal disputes as to coverage*. Accordingly, an appraisal would be inappropriate at this time.

Id. (emphasis added). As such, this Court denied Plaintiff's Motion for Reconsideration of the Court's earlier Order denying Plaintiff's Motion to Compel Appraisal. Id.

This Court has consistently held that appraisal is not proper when there is "a coverage issue, as opposed to only a valuation issue." Jassby v. Scottsdale Ins. Co., No. 1:13-cv-336-HSO-RHW, 2014 WL 3773564, at *1-2 (S.D. Miss. July 30, 2014). In Jassby, the Court determined that "the primary dispute between the parties is the cause of the alleged property damage to Plaintiff's home. Defendant maintains that a covered peril caused only minor property damage to Plaintiff's home, while Plaintiff argues that a covered peril caused significant damage to his home." Id. This Court subsequently denied Plaintiff's Motion to Compel Appraisal because the parties presented a "coverage issue, as opposed to only a valuation issue." Id.

"[P]roceedings conducted pursuant to an appraisal clause are appropriate only to establish the amount of loss *when both parties agree on whether a loss is*

*covered*." Luce v. Certain Underwriters at Lloyd's London, No. 20-29-CG-B, 2020 WL 2564680, at *4 (S.D. Ala. May 19, 2020) (emphasis added). The *Luce* Court reasoned that:

> Importantly, in the instant case, the record suggest that *parties do not agree as to the cause of the loss*. Underwriters contends that Plaintiff's covered loss is limited to one missing roof tile and an area of water intrusion in the space below the missing tile and *disclaims coverage for damage attributable to the remainder of the roof caused by age, wear and tear, deterioration, weathering and improper maintenance*. (Doc. 8 at 5; PageID.293; Doc 8-5). Based on his appraiser's report, Plaintiff seeks repairs to his entire roof and a significant portion to the interior of the home. Notably… Plaintiff [does not] argue that if the appraisal process continued, the appraisers would not be faced with issues of causation and coverage. (See Docs. 13 and 14). Plaintiff also makes no argument and fails to offer any legal support that the appraisal process should continue in this action in light of Alabama law.

*Id*. In this case, State Farm disagrees with Plaintiff as to the extent of damage caused by the subject storm. *See* Answer [Doc. 3]. Plaintiff's expert determined that entire replacement of the roofs of the subject property is required, while State Farm disputes that extent of the loss. Plaintiff maintains that the alleged loss is attributable to Hurricane Zeta. State Farm disagrees and instead maintains that part of the alleged loss is due wear, age, and lack of maintenance over the complex's lifetime. This is not a mere dispute over valuation, but rather the cause of the loss, which is a question of coverage. As such, appraisal is improper at this time.

Plaintiff argues that appraisal is appropriate for disputed windstorm claims, relying on "common sense" and opinions from other jurisdictions. However, in a similar case involving a Motion to Compel Appraisal, the Court noted that "because

the Court must follow Mississippi law," such decisions are "unhelpful." Pearl River County School Dist. v. RSUI Indem. Co., No. 1:08CV364HSO-JMR, 2009 WL 2553267, at *1, n.1 (S.D. Miss. Aug. 17, 2009). In reliance on extra-jurisdictional cases, Plaintiff urges that appraisal is not to be made on a "shingle by shingle basis." [Doc. 15]. But this mischaracterizes the dispute. This is not an item-by-item or crack-by-crack determination, instead this primarily is a dispute over replacement in the entirety versus repair. State Farm is not attempting to "avoid appraisal by mislabeling disputes about the value of a windstorm loss as 'coverage issues,'" as Plaintiff argues. Rather, State Farm merely seeks to preserve appraisal's function to settle valuation disputes.

Plaintiff notes that the United States District Court for the Northern District of Mississippi opined that in a claim for hail damage where the insurer admitted there was some hail damage that the case was appropriate for appraisal. See Argonaut Great Cent. Ins. Co. v. Greenville Pub. Sch. Dist., No. 4:20-CV-155-DMB-DAS, 2021 WL 6133788, at *1 (N.D. Miss. May 13, 2021). However, not only is that decision nonprecedential, but also the insurer in that case had "not demonstrated any coverage issues or disputes nor shown any causation issues impacting coverage issues." Id. At *5. State Farm, in contrast has shown causation issues impacting coverage issues. The experts for both parties have reached contrary conclusions on what caused the alleged loss. Rimkus determined that some of the alleged loss was due to wear, tear, and deterioration, which is not covered under the subject State Farm policy. Presser & Associates determined that the alleged loss is attributable to

Hurricane Zeta, which is a covered loss. Therefore, this dispute about causation impacts coverage issues.

This dispute is about the cause of loss, a question of coverage. It is not an issue of valuation, but of scope of the loss covered under the subject policy. Therefore, appraisal is inappropriate.

## CONCLUSION

The Court should find that, in accordance with this Court's jurisprudence, appraisal is inappropriate at this time. The record shows that this is not a mere valuation dispute, instead the parties disagree over the cause of loss, which is a question of coverage. As such, appraisal is not proper.

WHEREFORE, the Court should deny Plaintiff's Motion to Compel Appraisal [Doc. 14].

**DATED**: July 22, 2022.

Respectfully submitted,

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys for Defendant,

**STATE FARM FIRE AND CASUALTY COMPANY**

BY: /s/ John A. Banahan__________
JOHN A. BANAHAN (MSB 1731)
H. BENJAMIN MULLEN (MSB 9077)
CALEN J. WILLS (MSB 104271)

**BRYAN, NELSON, SCHROEDER,**
**CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No. (228) 762-6631
Fax No. (228)769-6392
Email: john@bnscb.com
Email: ben@bnscb.com
Email: calen@bnscb.com

## CERTIFICATE OF SERVICE

I, **JOHN A. BANAHAN**, one of the attorneys for the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date electronically filed the foregoing Memorandum in Support of Response in Opposition to Plaintiff's Motion to Compel Appraisal with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

**DATED:** July 22, 2022.

BY: /s/ John A. Banahan
**JOHN A. BANAHAN (MSB 1731)**
**H.BENJAMIN MULLEN (MSB 9077)**
**CALEN J. WILLS (MSB 104271)**

**BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN, PLLC**
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Telephone No. (228) 762-6631
Fax No. (228)769-6392
Email: john@bnscb.com
Email: ben@bnscb.com
Email: calen@bnscb.com